## HIGHTOWER v. BAMBERG COUNTY.

COSTS—FEES.—BAMBERG COUNTY is not liable to its magistrate constables for mileage in conveying prisoners from magistrate court to the county jail.

Before BUCHANAN, J., Bamberg, July, 1898. Affirmed.

Action by R. L. Hightower against Bamberg County for

mileage for conveying prisoner to county jail.   From order reversing magistrate's decree, plaintiff appeals.

*Messrs. Miley & Williams,* for appellant.   The former cites: 20 Stat., 462; Rev. Stat., 859; 22 Stat., 474; 19 S. C., 158.

*Mr. John R. Bellinger,* contra (oral argument).

March 28, 1899.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER.   The plaintiff brought this action before a magistrate of Bamberg County to recover the sum of $7.35, alleged to be due him as constable by said county for fees due as mileage for conveying prisoners from the magistrate's court at Denmark to the county jail at Bamberg.   The magistrate having rendered judgment in favor of the plaintiff, the defendant county appealed to the Circuit Court for the county of Bamberg, where the appeal was heard by his Honor, Judge Buchanan, who rendered judgment sustaining the appeal, and dismissing plaintiff's case with costs.   From this judgment plaintiff appeals to this Court upon the several grounds set out in the record, which need not be specifically stated here, as they raise substantially but two questions: 1st. Whether the Circuit Judge erred in holding that the county of Bamberg is not liable to constables for mileage fees.   2d. Whether there was error in holding that the matter was *res judicata* by the judgment of the county board of commissioners, to whom the claim was first submitted by the plaintiff, disallowing said claim.

It is well settled that claims for fees or costs are based entirely upon statutory provisions, and, therefore, unless some statute can be found authorizing such a charge against the county of Bamberg, the claim cannot be allowed.   No such statute has been brought to our attention by counsel, nor have we been able to find any statute authorizing a con-

stable to claim from the county of Bamberg mileage fees for transporting prisoners from one point to another in said county. Counsel for appellant cites and relies upon the act of 1889, 20 Stat., 462, entitled "An act to provide for payment of salaries, in lieu of costs and fees in criminal cases, to the trial justices and constables of Barnwell County," in the second section of which, after fixing the amounts of the salaries of the several constables for that county, there is the following proviso: "That said constables shall be entitled, in addition to their salaries, to the mileage which is now, or hereafter may be, allowed for conveying prisoners to jail under commitment;" and the argument is that, inasmuch as the territory now embraced within the lines of the new county of Bamberg was all taken from the territory formerly embraced within the lines of the county of Barnwell, the proviso still applies to constables appointed for Bamberg County. This would be a somewhat strained construction, even if there were no other legislation upon the subject. But there is other legislation which, in our judgment, puts the matter beyond all dispute. By the act of 25th of February, 1897, 22 Stat., 580, establishing Bamberg County, full and ample provision was made for the election and appointment of all the necessary officers of such new county, and for the administration of justice therein, and when that act went into final effect, to wit: 31st December, 1897, the county of Bamberg became a separate and distinct county, just as distinct from the old county of Barnwell as the county of Aiken or any other county. Hence, from that time forward, all legislation specially applicable to the county of Barnwell *ipso facto* ceased, and was no longer applicable within the territory embraced within the lines of the county of Bamberg. But what is still more conclusive, is that by the act of 2d March, 1897, 22 Stat., at page 474, special provision was made for the compensation of magistrates and constables of Bamberg County in these words: "Said magistrates and their constables shall receive annual salaries from the county, payable quarterly, upon the orders

of the county board of commissioners, as compensation for their services, *in lieu of all costs and fees in criminal cases"* (italics ours). The language which we have italicized necessarily excludes the idea that a constable of Bamberg County can make any claim against said county for mileage fees or any other costs or fees in addition to his salary.

Under this view, it becomes unnecessary to consider the second question, based upon the conceded fact that the appellant first submitted his claim to the county board of commissioners, by whom it was disallowed, and no appeal was taken.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.